JUSTICE RICE
specially concurring.
¶42 I concur with the holding and all of the conclusions reached by the Court and, therefore, have signed the opinion. I write separately to address the legitimate interest expressed by a dissenting opinion in the applicability of § 39-31-306(5), MCA, to this dispute.
¶43 The language of § 39-31-306(5), MCA, was adopted by the Legislature during the 1993 regular session by its enactment of Senate Bill 15, introduced by the late Senator Chet Blaylock. After Senate Bill 15 was introduced, the undersigned, then a state representative, at the request of representatives of the Montana Education Association, and *479 after studying Senator Blaylock’s bill, agreed to carry the bill in the House of Representatives.
¶44 On its way to passage, the bill followed the convoluted pathway typical for a bill actively lobbied by proponents and opponents. After passage by the Senate and a hearing in the House Judiciary Committee, I offered amendments to the bill which were adopted by the Judiciary Committee and the full House, but which were rejected by the Senate, sending the matter to Conference Committee. When neither house yielded to the other’s version of the bill in Conference Committee, that Committee was dissolved, and a Free Conference Committee, consisting of Senators Blaylock, Bob Brown and Steve Doherty, and Representatives Linda Nelson, Randy Vogel and myself, was appointed with authority to craft revisions to the bill. I then offered amendments in free conference which were adopted by the Committee, the full houses, and approved by the Governor.
¶45 The bill, from beginning to end, was an issue of dispute between school teachers and school boards. The bill was pushed by the MEA, ably represented by Eric Feaver and Phil Campbell, and opposed by the Montana School Boards Association, also well represented by Bob Anderson, and, in the main, the late Bruce Moerer. After the bill’s introduction and its first hearing, the Senate Labor Committee, at the request of Senator John “J.D.” Lynch, amended the bill to clarify, among other things, that it applied, not to public sector collective bargaining agreements generally but to “school” agreements. At no time in the bill’s long journey to enactment did legislators discuss or consider the applicability of the provision to schools other than elementary and secondary schools. The evidence of need for the bill was demonstrated exclusively from the experience of these local schools.
¶46 After action by both houses, Governor Marc Racicot solicited my reasoning for supporting the bill. My response to him referenced the pattern of litigation between school teachers and school boards over the issue of forum which was delaying consideration and resolution of local school disputes on their merits-the same evidence considered by legislators during committee hearings.
¶47 I am well aware that a legislator’s intention does not necessarily constitute the Legislature’s intention. However, the legislative history to Senate Bill 15, ultimately becoming Chapter No. 582, Laws of Montana (1993), clearly demonstrates that the bill’s references to “schools” meant only local elementary and secondary schools. As such, that intention is consistent with the definition of “school” within § 20-6-501, MCA, as an “elementary school” or a “high school.” *480 ¶48 The education provisions of the Montana Code Annotated, by both language and structure, refer only to K-12 education when referring to “school.” See generally, Title 20, Chapters 1 through 20. For example, a “pupil” is defined as a child, between the ages of 6 and 19, who is enrolled in a “school.” Section 20-1-101(10), MCA. In contrast, the term “school” is noticeably absent from the Code provisions defining and governing colleges and universities. See generally, Title 20, Chapters 1 and 25, and Title 17, Chapter 7. Colleges and universities are specifically referred to in the Code by other names, including “university,” “university system,” “units,” “colleges,” and “institutions.” See § 20-25-101, et. seq., and § 20-25-201, et. seq., MCA. As such, there is no statutory authority for the attempt to incorporate the units of the university system within a statute by virtue of a solitary reference to “school.” Indeed, there is only authority for the opposite conclusion, one which is also consistent with the entirety of the legislative history of the matter.
¶49 Senate Bill 15 embodied a very good idea. Perhaps that idea should be extended to collective bargaining agreements involving colleges and universities. However, the Legislature has not yet undertaken to do so, and did not do so by enacting Senate Bill 15 in 1993.